UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER WILSON, Individually and on behalf of a class of persons similarly situated, et al., : : : : Plaintiffs, : : v. : : DIRECTBUY, INC., UNITED CONSUMERS CLUB, INC. and DIRECT BUY HOLDINGS, INC., : : : : : Defendants. : | Case No.: 3:09-CV-00590 (JCH)  January 31, 2011 |

## MOTION TO ENFORCE PRELIMINARY APPROVAL ORDER DATED DECEMBER 14, 2010

Defendants DirectBuy, Inc., United Consumers Club, Inc., and DirectBuy Holdings, Inc. ("Defendants"), hereby move for an order confirming that the Court's Preliminary Approval Order dated December 14, 2010 applies to the lawsuit styled *State of West Virginia ex rel. McGraw v. DirectBuy, Inc.*, Civil Action No. 11-C-140 (Cir. Ct. Kanawha County W. Va.) filed on January 26, 2011 by West Virginia Attorney General Darrell McGraw Jr. ("West Virginia Attorney General Action").[1] A copy of the West Virginia Attorney General Action is attached as Exhibit 1. Because the West Virginia Attorney General has noticed a preliminary injunction hearing for February 11, 2011,[2] DirectBuy also requests that the Court grant the proposed order attached as Exhibit 2 on February 1, 2011, staying and enjoining the West Virginia Attorney General from any and all further pursuit of or activity in the West Virginia Attorney General Action. In support of this Motion, Defendants state:

---

[1] Defendants' Counsel has spoken to Plaintiffs' Counsel, who do not object to this motion, while taking no position at this time on the matters stated herein.

[2] A copy of the Notice of Hearing is attached as Exhibit 3.

1.	On December 9, 2010, the parties filed a joint motion for preliminary approval of a class settlement of the above captioned action. *See* Doc. No. 64. Among other things, the Settlement Agreement contains the following release:

> Class Members not requesting exclusion hereby fully and unconditionally release and discharge the Released Parties from any and all claims, demands, rights, causes of action, judgments, executions, damages, liabilities, and costs or expenses of any kind relating to the Actions (including attorney's fees and court costs), in law or equity, known or unknown, suspected or unsuspected, fixed or contingent, ***arising out of or related to claims based on events, transactions, or occurrences taking place at any time before the Final Settlement Date, that were brought, or could have been brought, in the Actions.***

Settlement Agreement, Doc. 64-1 ¶ III.E.1 (emphasis added). The Settlement Agreement defines "Released Claim" to mean "the claims released by the Class Members in Section III.E.1 of the Agreement," *id.* at ¶ II.AA, and defines "Actions" to mean "collectively: *Christopher Wilson, et al. v. DirectBuy, Inc., et al.*, Case No. 3:09-cv-00590 (JCH) (D. Conn.); *Phil Ganezer, et al. v. DirectBuy, Inc., et al.*, No. 2:08-cv-08666 GAF (RCx) (C.D. Cal.); *Jamila Swift, et al. v. DirectBuy, Inc., et al.*, No. 1:09-cv-04067-FB-VVP (E.D.N.Y.); *Tammy Randall, et al. v. Evamor, Inc.*, No. 09SL-CC03852 (Cir. Ct. St. Louis County Mo.); and *Brian Vance v. DirectBuy, Inc.*, No. 1:09-cv-01360 WTL-WGH (S.D. Ind.)." *Id.* at ¶ II.B.

2.	On December 14, 2010, the Court issued its Order Granting Preliminary Approval of Class Action Settlement Agreement ("Order"). Doc. No. 65. Among other things, the Order contains this provision:

> All Class Members and ***persons purportedly acting on behalf of any Class Members are stayed and enjoined from commencing, instituting, continuing, pursuing, maintaining, proceeding or enforcing any Released Claim (including, without limitation, in any individual, class or putative class, representative or other action or proceeding) directly or indirectly, in any judicial, administrative, arbitral, or other forum until the Final Settlement Date, termination of Settlement Agreement, or any other date that the Court decides, whichever occurs earlier.*** This stay and injunction does not apply to the individual claims of any Class Member who has timely and properly opted out from the settlement

>Class as permitted by the Court. This stay and injunction does not prevent any person actually or purportedly acting on behalf of any Class Member from taking any actions to stay and/or dismiss any Released Claim(s). This stay and injunction is necessary to protect and effectuate the Settlement Agreement, this Order, the settlement preliminarily approved by this Order, the Court's flexibility and authority to enter a Judgment when appropriate, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

Order ¶ 23 (emphasis added).

3. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715, Defendants sent Attorney General McGraw notice of the Settlement Agreement and the Court's Preliminary Approval Order on December 15, 2010. A copy of the Settlement Administrator's Letter dated December 16, 2010 is attached as Exhibit 4.

4. On January 26, 2011, Attorney General McGraw instituted the West Virginia Attorney General Action against DirectBuy, one of its franchisees and a principal of that franchisee. *See* Exhibit 1. The complaint in that suit asserts that DirectBuy's marketing and sales practices violate West Virginia's consumer protection laws, and seeks, among other things, consumer restitution, civil penalties, and injunctive relief. The West Virginia Action focuses on DirectBuy's advertising, sales presentation, free trial membership offer, and purportedly hidden fees. The same day he filed suit, Attorney General McGraw issued a press release publicizing the filing of the lawsuit. A copy of the press release dated January 26, 2011 is attached as Exhibit 5. Through January 31, 2011, however, DirectBuy has not been served with the Complaint in the West Virginia Attorney General Action. (DirectBuy obtained a copy of the Complaint by other means after learning about the suit from the press release.)

5. On January 28, 2011, West Virginia Assistant Attorney General Matthew Stonestreet had a telephone conversation with Seth Klein of Izard & Nobel, which is Class Counsel in this case. DirectBuy understands that according to Mr. Stonestreet the West Virginia

3

Attorney General's office views the settlement of this case with disapproval because the Settlement Agreement does not require DirectBuy to make cash payments to class members. DirectBuy further understands that Mr. Stonestreet advised Mr. Klein that the West Virginia Attorney General was seriously considering adding additional claims to his complaint.

6. The allegations in the West Virginia Complaint already on file materially overlap with the Released Claims. As in each of the Actions (as defined in the Settlement Agreement), one of the core allegations in the West Virginia Complaint is that DirectBuy advertises that prices on its merchandise have no hidden retail mark-ups and that these representations are misleading. *Compare* West Virginia Compl. ¶¶ 12, 18(a), 93-98 *with Wilson* Compl. ¶¶ 48-49; *Swift* Compl. ¶¶ 1, 50, 64,69-70, 81-95;[3] *Randall* Compl. ¶¶ 12, 34-41, 54;[4] *Ganezer* Compl. ¶¶ 12, 14, 16-17;[5] *Vance* Compl. ¶¶ 1-2, 15-36, 47-50, 53-56, 59-61.[6]

7. The Actions and the West Virginia Attorney General Action not only share this central factual premise: the specific allegations in the West Virginia Complaint are substantively identical to numerous allegations in the complaints in the Actions, including allegations that:

- DirectBuy generally uses supposed "high pressure" sales tactics to sell its memberships. *Compare* West Virginia Compl. ¶¶ 24-37 *with Ganezer* Compl. ¶ 16 *and Randall* Compl. ¶¶ 13-23.

- DirectBuy's supposedly "high pressure" tactics include a "now or never" decision. *Compare* West Virginia Compl. ¶¶ 24-37 *with Randall* Compl. ¶¶ 12-23.

---

[3] A copy of the *Swift* Complaint is attached as Exhibit 6.
[4] A copy of the *Randall* Complaint is attached as Exhibit 7.
[5] A copy of the *Ganezer* Complaint is attached as Exhibit 8.
[6] A copy of the *Vance* Complaint is attached as Exhibit 9.

- DirectBuy's allegedly improper sales tactics include preventing consumers from reviewing their price lists until after the consumer has purchased a membership. *Compare* West Virginia Compl. ¶¶ 26, 96-98 *with Ganezer* Compl. ¶ 13, *Randall* Compl. ¶ 23, *Swift* Compl. ¶ 64

- Purportedly, DirectBuy inadequately discloses or otherwise improperly charges the handling fees, shipping charges, or service fees that members will have to pay. *Compare* West Virginia Compl. ¶¶ 41-45, 66, 97-98 *with Randall* Compl. ¶¶ 36-41, 54; *Swift* Compl. ¶¶ 55-59, 61, 71-76, 85; *Ganezer* Compl. ¶¶ 16-17; *Vance* Compl. ¶¶ 27-29, 34-36, 59-61.

- Once all of DirectBuy's fees and charges are added to the DirectBuy merchandise price, the total cost of purchasing merchandise allegedly is often not competitive with the cost of purchasing the same merchandise at traditional retail stores. *Compare* West Virginia Compl. ¶ 48 *with Randall* Compl. ¶ 54(a); *Swift* Compl. ¶¶ 62-63, 66-67, 77, 81, 93.

8. As this cursory review of just some of the allegations in each lawsuit demonstrates, the West Virginia Attorney General Action is clearly an attempt to litigate claims within the Settlement Agreement's definition of Released Claims. In fact, every allegation in the West Virginia Attorney General Action is unquestionably an attempt to litigate one or more Released Claims, as each allegation arises out or relates to the claims that were brought or could have been brought in the Actions.

9. A federal district court may, consistent with the All Writs Act, 28 U.S.C. § 1651(a), and with the "necessary in aid of its jurisdiction" exception to the Anti-Injunction Act, 28 U.S.C. § 2283, enjoin a state court action that threatens to frustrate and disrupt the orderly

resolution of a federal litigation. *See In re Baldwin-United Corp.*, 770 F.2d 328, 338 (2d Cir. 1985) ("An important feature of the All-Writs Act is its grant of authority to enjoin and bind non-parties to an action when needed to preserve the court's ability to reach or enforce its decision in a case over which it has proper jurisdiction.").[7]

10.  This Court should enforce Paragraph 23 of the Preliminary Approval Order against the West Virginia Attorney General Action because the filing of that action clearly violates Paragraph 23, and also threatens to undo or thwart the settlement reached in this federal action. *See Baldwin-United*, 770 F.2d at 337 (affirming issuance of injunction against multiple state attorneys general seeking to file multiple suits meant to disrupt settlement of class actions in federal court); *In re Joint Eastern & Southern Dist. Asbestos Litigation*, 134 F.R.D. 32, 37 (E.D.N.Y. 1990) ("The Second Circuit has recognized that a stay of proceedings in state court is appropriate under the necessary in aid of jurisdiction exception where a federal court is on the verge of settling a complex matter, and state court proceedings undermine its ability to achieve that objective."); *See also Ret. Sys. v. J.P. Morgan Chase & Co.*, 386 F.3d 419, 428 (2d Cir. 2004) (stating that the rationale of *Baldwin-United* was to "protect[] an actual or impending settlement in a federal action from being undone or thwarted by state-court litigation").[8] The existence of "multiple and harassing actions by the states" would completely frustrate the Court's considerable efforts to craft a settlement in this case. *Baldwin-United*, 770 F.2d at 337.

---

[7] *See also In re Diet Drugs Prods. Liab. Litig.*, 282 F.3d 220, 234 (3d Cir. 2002); *Winkler v. Eli Lilly & Co.*, 101 F.3d 1196, 1202 (7th Cir. 1996).

[8] The circuit courts of appeal routinely affirm the discretionary decision of a district court to enjoin state court proceedings that could thwart actual or potential settlements in class actions or other complex cases. *See, e.g., In re Diet Drugs*, 282 F.3d at 233-39; *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1018-19, 1025 (9th Cir. 1998); *White v. NFL*, 41 F.3d 402, 409 (8th Cir. 1994); *Carlough v. Amchem Prods.*, 10 F.3d 189, 204 (3d Cir. 1993); *Battle v. Liberty National Life Ins.*, 877 F.2d 877, 882 (11th Cir. 1989); *James v. Bellotti*, 733 F.2d 989, 994 (1st Cir. 1984); *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332 (5th Cir. 1981).

*See also Atlantic C. L. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970) ("[F]ederal injunctive relief may be necessary to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case."). As a practical matter, no defendant "could reasonably be expected to consummate a settlement" of a nationwide class action if the claims covered by the settlement simply could be "reasserted under state laws." *Baldwin-United*, 770 F.2d at 336-37. Moreover, where, as here, the state court action is "improperly being brought . . . as a means of coercing the defendants to pay more funds into the federal settlement pool," *id.* at 339, enforcing this Court's injunction is particularly appropriate, and any "interest in preserving federalism and comity with the state courts" would not be "significantly disturbed by the issuance of injunctive relief." *Id.* at 337.[9]

      11.    Granting this motion is necessary to protect the Court's Order and jurisdiction, and to prevent the frustration of its significant efforts expended in facilitating negotiation of the Settlement Agreement. Instead of registering any objections to the Settlement Agreement in an orderly fashion with this Court, through the settlement approval process, the West Virginia Attorney General is, on information and belief, attempting to circumvent this Court's authority and exert pressure on Defendants to force them to renegotiate or renege on the Settlement Agreement. This kind of external interference, and the potential that other parties might follow suit, poses a direct threat to the Court's ability to complete the settlement approval process, up to and including the Fairness Hearing scheduled for May 10, 2011, and directly interferes with the Court's flexibility and authority to enter final Judgment when appropriate.

---

[9] Moreover, any such use of civil proceedings by a "state as a means of coercing the defendants into increasing a civil settlement offer to persons who might be represented by the state," *Baldwin-United*, 770 F.2d at 341, falls outside the protection of sovereign immunity and is well within the Court's power to prevent.

7

12. Accordingly, Defendants respectfully request that the Court enter the proposed order attached as Exhibit 2, in aid of the Court's jurisdiction, to protect its rulings orders and judgments, and to preserve the pending settlement from inappropriate interference.

WHEREFORE, the Defendants pray that the Court stay and enjoin the West Virginia Attorney General, and all persons in active concert and participation with him, from any and all further pursuit of or activity in the West Virginia Attorney General Action against any Released Parties as that term is defined in the Settlement Agreement, including but not limited to any of the defendants in the West Virginia Attorney General Action, and from commencing any other proceeding prohibited by Paragraph 23 of the Preliminary Approval Order, and further grant Defendants any and all such further relief as the Court sees fit.

> **DEFENDANTS**
> **DIRECTBUY, INC.,**
> **UNITED CONSUMERS CLUB, INC.**
> **and DIRECTBUY HOLDINGS, INC.**
>
> By:  /s/Edward Wood Dunham
> Edward Wood Dunham (ct05429)
> John Doroghazi (ct28033)
> Wiggin and Dana LLP
> One Century Tower
> P.O. Box 1832
> New Haven, CT  06508-1832
> (203) 498-4400
> (203) 782-2889 fax
> edunham@wiggin.com
> jdoroghazi@wiggin.com
>
> *Attorneys for Defendants*
>
> C. Joseph Yast (Pro Hac Vice)
> DirectBuy, Inc.
> 8450 Broadway
> Merrillville, IN  46410
> (219) 648-7337
> (219) 648-7339 fax
> jyast@directbuy.com

## CERTIFICATION

I hereby certify that on January 31, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. A copy of the foregoing was served on the following individuals:

**By e-mail, fax, and first class mail:**

    Matthew Stonestreet
    Assistant Attorney General
    Office of West Virginia Attorney General
    Consumer Protection Division
    Post Office Box 1789
    Charleston, W.V. 25326-1789
    Email: consumer@wvago.gov
    Fax:   304-558-0184

**By e-mail and first class mail:**

    Thomas V. Flaherty
    Flaherty Sensabaugh Bonasso
    P.O. Box 3843
    Charleston, W.V. 25338
    Email: TFlaherty@fsblaw.com

    *Attorney for Defendants*

                                     /s/Edward Wood Dunham
                                       Edward Wood Dunham